**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMRA PLASTIC AND RECONSTRUCTIVE SURGERY, <br><br> Plaintiff, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY *et al.*, <br><br> Defendants. | Civil Action No. 23-23424 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Aetna Life Insurance Company's ("Defendant") motion to dismiss Plaintiff SAMRA Plastic and Reconstructive Surgery's ("Plaintiff") Complaint (ECF No. 1-1) pursuant to Federal Rule of Civil Procedure[1] 12(b)(6) (ECF No. 9). Plaintiff opposed (ECF No. 13), and Defendant replied (ECF No. 14). The Court has considered the parties' written submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the following reasons, Defendant's motion to dismiss is granted.

**I.    BACKGROUND**

Patient K.T. ("Patient") is a breast cancer survivor enrolled in a healthcare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and administered by Defendant. (*See* Compl. ¶¶ 5, 13, 51, 52, 57, ECF No. 1-1.) On April 5, 2022, Patient underwent post-mastectomy reconstructive surgery to address the cosmetic effects of an earlier operation.

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

(*Id.* ¶¶ 13-14.) Prior to performing this surgery, Plaintiff contacted Defendant to request its authorization for the procedure because it was an out-of-network healthcare provider. (*Id.* ¶¶ 12, 18.) Plaintiff obtained what it believed to be assurance of reimbursement and approval to proceed. (*Id.* ¶¶ 18-21.) Upon submitting a bill for $150,000, however, Plaintiff received a reimbursement of just $9,462.06 from Defendant. (*Id.* ¶¶ 11, 24, 27.) Plaintiff initiated the instant action to recoup the remaining sum.

In its Complaint, Plaintiff brings causes of action on its own behalf against Defendant for state law violations, and on behalf of Patient for violations of ERISA. (*See generally id.*) In support of its standing to sue on Patient's behalf, Plaintiff points to an assignment of benefits document signed by Patient (the "Assignment") (*Id.* ¶ 6; Ex. A to Pl.'s Opp'n Br., ECF No. 13-2.) The Assignment assigns Plaintiff the right to bring causes of action related to underpayment of claims by Defendant. (*Id.* ¶ 6; Ex. A to Pl.'s Opp'n Br.)

On February 20, 2024, Defendant filed a motion to dismiss, noting the existence of an anti-assignment clause in Patient's healthcare plan prohibiting assignment. (Def.'s Moving Br. 2, ECF No. 9-1.) Plaintiff responded in opposition, modifying its argument to contend that its authority to bring claims on Patient's behalf stems instead from a previously unmentioned Designated Authorized Representative form (the "DAR Form"). (Pl.'s Opp'n Br. 8-9, ECF No. 13.) The DAR Form was effected by the same document that granted Plaintiff the assignment of benefits mentioned in its Complaint. (*see* Ex. A to Pl.'s Opp'n Br.)[2]

---

[2] Additionally, Plaintiff uses its opposition brief to withdraw counts one through three of its Complaint alleging state law violations,[2] and to double down on its assertion that Defendant's failure to reimburse the costs of Patient's reconstructive surgery violated her ERISA-governed healthcare plan and is addressable through ERISA's private action provision. (Pl.'s Opp'n Br. 5.)

2

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When analyzing a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 563 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.2d 224, 233 (3d Cir. 2008)). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). If the claim is facially plausible and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a motion to dismiss will be denied. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). If, however, the claim does not "allow[ ] the court to draw a reasonable inference that the defendant is liable for the misconduct alleged," a motion to dismiss will be granted. *Id.* On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.     DISCUSSION

For the reasons outlined below, the Court grants Defendant's motion to dismiss.

#### A.     ERISA Standing Through an Assignment of Benefits

In enacting ERISA, Congress sought to "protect... the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the [f]ederal courts."29 U.S.C. § 1001(b). To this end, ERISA establishes a civil action for participants or beneficiaries of health care plans "to recover benefits due . . . to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

While the text of this provision clearly limits standing for ERISA-based claims to plan participants or beneficiaries, the Third Circuit has found that third parties can obtain third-party standing through a valid assignment of benefits from a plan participant or beneficiary. *See CardioNet, Inc. v. Cigna Health Corp.*, 751 F. 3d 165, 176 n.10, 178 (3d Cir. 2014) (stating that, assuming a participant's assignment to providers is valid, third parties may have standing to assert whatever rights the assignor had); *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) ("[W]hen a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA."). Such third-party standing is foreclosed, however, when a health plan includes a clear and unambiguous anti-assignment clause. *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018) (noting the freedom of parties to negotiate the terms of private contracts in holding that "anti-assignment clauses in ERISA-governed health insurance plans . . . are enforceable"); *see also*

4

*Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 64 (3d Cir. 2019) (enforcing an anti-assignment clause that "unambiguously prohibit[ed] assignment of [patient's] right to benefit payments . . .").

Here, Patient's health plan contains an anti-assignment clause that expressly forbids her from "assign[ing] any benefits under [her plan] to any person, corporation or other organization." (Def.'s Moving Br. 3, 18; Ex. 1 to Def.'s Moving Br. 80-81, ECF No. 9-3.)[3] Accordingly, causes of action arising from Patient's health plan may not be assigned to third parties, including healthcare providers. *See Am. Orthopedic & Sports Med.*, 890 F.3d at 453.[4]

### B.   ERISA Standing Through a Power of Attorney Appointment

For the first time in its reply brief, Plaintiff contends that a DAR Form signed by Patient prior to her surgery conferred a limited power of attorney status on Plaintiff sufficient to overcome

---

[3] As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Secs., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)). An exception to the general rule, however, is that a "document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *Id.* at 1426 (quoting *Shaw v. Digital Equip. Corp.* 82 F.3d 1194, 1220 (1st Cir. 1996) (emphasis added)). As Plaintiff's Complaint explicitly relies on the terms of Patient's healthcare plan, this Court finds it appropriate to reference excerpts from that healthcare plan.

[4] Importantly, Plaintiff appears to concede this in its opposition to Defendant's motion to dismiss. (*See generally* Pl.'s Opp'n Br.)

the barrier imposed by her health plan's anti-assignment clause.[5] (Ex. A to Pl.'s Opp'n Br.) In actuality, this power of attorney appointment was conferred in the same document from which Plaintiff derived its invalid assignment of benefits, and through the same contractual language. (*See* Pl.'s Opp'n Br.; Ex. A to Pl.'s Opp'n Br.) This argument therefore fails both procedurally and as a matter of substantive law.

Plaintiff is correct that the Third Circuit has left open the possibility that "a patient could grant her provider a valid power of attorney to pursue claims for benefits on her behalf . . ." *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F. 3d 218, 228 (3d Cir. 2020) (citing *Am. Orthopedic & Sports Med.*, 890 F.3d at 454-55). In this way, a third-party plaintiff could potentially circumvent a valid anti-assignment clause and obtain third-party standing from a beneficiary or participant of an ERISA-governed health plan. *See Am. Orthopedic & Sports Med.*, 890 F.3d at 455 ("[Patient] . . . may confer on [Plaintiff] . . . authority to assert claim[s] on his behalf . . . and the anti-assignment clause no more has power to strip [Plaintiff] of its ability to act as [Patient's] agent than it does to strip [Patient] of his own interest in his claim.").

Such appointments, however, must comply with New Jersey's procedural requirements for establishing a valid power of attorney. Under New Jersey's Revised Durable Power of Attorney

---

[5] In the Third Circuit, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 2018) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *abrogated by Schmees v. HC1.COM, Inc.*, 77 F.4th 483 (2023)). This Court, however, finds it appropriate to consider the DAR Form proffered by Plaintiff in its opposition brief, in part because this insufficient appointment was executed in the same document that Plaintiff cites in its Complaint. *Am. Orthopedic & Sports Med.*, 890 F.3d at 449 (quoting *In Re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). The Third Circuit has held that a power of attorney appointment may enable third parties to bypass valid anti-assignment clauses. *See Somerset Orthopedic Assocs., P.A.*, 2020 WL 1983693, at *7. The Third Circuit therefore, instructs that it prudent to clarify why an attempt to vest power of attorney in a healthcare practice will fail procedurally under New Jersey law. *See Somerset Orthopedic Assocs., P.A.*, 2020 WL 1983693, at *7.

Act ("RDPAA"), N.J. Stat. Ann. § 46:2B-8.1, principals may authorize "another *individual or individuals or a qualified bank* . . . known as the attorney-in-fact to perform specified acts [ . . .] as the principal's agent." *Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2020 WL 1983693, at *7 (D.N.J. Apr. 27, 2020) (emphasis added) (quoting N.J. Stat. Ann. § 46:2B-8.2(a)). Citing this statutory language, New Jersey courts have rejected attempts by health care practices to establish valid powers of attorney over patients for the purpose of bringing claims under ERISA, noting that such entities are neither individuals nor banks. *See id.* at *8 (finding RDPAA's reference to "qualified bank" as the only entity capable of holding power of attorney dispositive in concluding that health care practices "cannot act as attorneys-in-fact under [New Jersey law]."); *see also Pers. Image, PC v. Tech Briefs Media Grp. Med. Plan*, No. 20-3747, 2021 WL 486905, at *4 (D.N.J. Feb. 10, 2021) (rejecting plaintiff healthcare practice's efforts to bring ERISA claims as an authorized attorney-in-fact for patient on the basis that a healthcare practice "is a corporation rather than an individual or qualified bank").

Plaintiff's October 28, 2021, DAR Form, therefore, does not establish a valid power of attorney appointment. New Jersey law clearly limits those eligible to receive a power of attorney appointment to individuals and banks. N.J. Stat. Ann. § 46:2B-8.1. A healthcare practice is neither. *Somerset Orthopedic Assocs.*, 2020 WL 1983693, at *7. Accordingly, while a power of attorney appointment may be an avenue for individuals and banks to circumvent valid anti-assignment

clauses, this route is not available to health care practices like Plaintiff in this District. *See Pers. Image, PC*, 2021 WL 486905, at *4.[6]

Because it cannot establish standing to bring ERISA claims on behalf of Patient through an assignment of benefits conferment or limited power of attorney appointment, Plaintiff has not established standing to bring any claim related to Patient's ERISA-governed health plan.

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendant's motion to dismiss. Counts one through three of Plaintiff's Complaint, withdrawn in Plaintiff's opposition brief (Pl.'s Opp'n Br. 5), are dismissed without prejudice. Count six of Plaintiff's Complaint is dismissed with prejudice.[7] Plaintiff's remaining claims are dismissed without prejudice.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] New Jersey law requires that a power of attorney appointment be made in the presence of an officer capable of testifying to the clear state of mind of the principal granting power of attorney. *Pers. Image, PC*, 2021 WL 486905, at *4 (citing N.J. Stat. Ann. § 46:14-2.1(a)-(c)). In this case, Plaintiff also makes no effort to demonstrate that its DAR Form was signed in the presence of an observing witness. (*See generally* Pl.'s Opp'n Br.); *see J by Sorotzkin v. Abaline Paper Prods., Inc.*, No. 20-8234, 2021 WL 2177547, at *3 (D.N.J. May 27, 2021) (finding a Designated Authorized Representative form's failure to adhere to procedural requirements of RDPAA determinative in establishing that "proffered power of attorney form is invalid.").

[7] The statute Plaintiff cites in support of count six provides procedural requirements for reviewing the denial of claims under ERISA-governed health plans. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) (citing 29 C.F.R. § 2560.503-1(h)(1)(i)). It does not, however, provide a private right of action for participants and beneficiaries to sue over an insurer's non-compliance with these requirements. *See id.* Accordingly, count six of Plaintiff's Complaint is dismissed with prejudice. *See Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) ("[W]e have previously held that [statutory provision to which 29 C.F.R. § 2560.503-1 applies] sets forth only the disclosure obligations of [insurer] and that it does not establish that those obligations are enforceable through the sanctions of § 502(c).").