NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMRA PLASTIC AND RECONSTRUCTIVE SURGERY,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Civil Action No. 23-23424 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Aetna Life Insurance Company's ("Defendant") Motion to Dismiss (ECF No. 27) Plaintiff Samra Plastic and Reconstructive Surgery's ("Plaintiff") Second Amended Complaint ("SAC") (ECF No. 22). Plaintiff opposed (ECF No. 32), and Defendant replied (ECF No. 33). After careful consideration of the parties' submissions, the Court decides Defendant's motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendant's Motion to Dismiss is granted.

I.   **BACKGROUND**

   A.   **Factual Background**[1]

Patient K.T. ("Patient") is a breast cancer survivor enrolled in a healthcare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and administered by

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Defendant (the "Plan"). (*See* SAC ¶¶ 4, 5, 11, ECF No. 22.) On April 5, 2022, Patient underwent post-mastectomy reconstructive surgery. (*Id.* ¶¶ 11-12.) Prior to performing this surgery, Plaintiff contacted Defendant to request its authorization for the procedure because Plaintiff was an out-of-network healthcare provider. (*Id.* ¶¶ 10, 16.) Plaintiff obtained what it believed to be assurance of reimbursement and approval to proceed with the surgery. (*Id.* ¶¶ 16-18.) After completing the surgery and upon submitting a bill for $300,000, however, Plaintiff received a reimbursement of just $14,622.45 from Defendant. (*Id.* ¶¶ 9, 22, 24.) Plaintiff initiated the instant action to recoup the remaining sum. (*Id.* ¶ 9.)

### B. Procedural Background

This Court previously granted a motion to dismiss by Defendant in a Memorandum Opinion ("Sept. 2024 Opinion") and Order dated September 10, 2024. (Sept. 2024 Op., ECF No. 20.) The Court held that Plaintiff did not have standing through the assignment of benefits because of an unambiguous anti-assignment clause in the Plan. (*Id.* at Op. 4-5.) The Court also held that Plaintiff did not have standing under its Designated Authorized Representative form, which it alleged conferred limited power of attorney ("POA") status, because the form did not comply with procedural requirements under New Jersey's Revised Durable Power of Attorney Act ("RDPAA"), N.J. Stat. Ann. § 46:2B-8.1. (*Id.* at 5-7.)

On October 24, 2024, Plaintiff filed the SAC, asserting three causes of action on behalf of Patient for violations of ERISA. (*See generally* SAC.) Plaintiff avers that it has standing to sue on Patient's behalf through a POA document appointing Nicole Bylecki ("Bylecki"), Plaintiff's office manager, as Patient's attorney-in-fact (SAC ¶ 5; POA, ECF No. 23[2]), and through an assignment

---

[2] Plaintiff refiled the POA because the copy of the POA attached to the SAC was illegible. (Ex. A, ECF No. 22-1.) The Court, accordingly, looks to the copy of the POA refiled by Plaintiff for the purposes of this motion. (*See* ECF No. 23.)

2

of benefits (SAC ¶ 32). On November 21, 2024, Defendant filed the instant Motion to Dismiss. (Def.'s Moving Br. 7-15, ECF No. 27-1.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 32), and Defendant replied (Def.'s Reply Br., ECF No. 33).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure[3] 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   DISCUSSION

ERISA was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" and provides employees covered by such plans with the right to sue to "recover benefits due . . . under the terms of [the] plan." 29 U.S.C. § 1001(b); 29 U.S.C. § 1132(a)(1)(B). Only a plan "participant" or "beneficiary" has standing to assert a claim under ERISA. *See* 29 U.S.C. § 1132(a)(1); *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 449 (3d Cir. 2018). A "participant" is defined as an employee, current or former, eligible to receive benefits under a covered plan, 29 U.S.C. § 1002(7), and a "beneficiary" is defined as a person designated by a participant or the terms of the plan to receive some benefit from the plan, *id.* § 1002(8).

Although a healthcare provider is neither a plan participant nor a beneficiary, *see Pascack Valley Hosp. v. Loc. 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004), a third party may be able to assert the participant's claims under either a valid assignment of benefits or a POA. *See N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) (holding a valid assignment of benefits by a plan participant or beneficiary can transfer his or her right to sue for payment to such provider); *Am. Orthopedic & Sports Med.*, 890 F.3d at 455 (holding a principal "may confer on his agent the authority to assert that claim on his behalf").

Here, Plaintiff alleges that it has standing to sue on Patient's behalf because of a valid assignment of benefits and a valid POA. The Court addresses each of these assertions in turn.

### A. Assignment of Benefits

While Plaintiff still alleges in the SAC that "Plaintiff has standing to seek such relief based on the assignment of benefits" (SAC ¶ 32), the Court already rejected this argument in its Sept. 2024 Opinion and declines to revisit this argument (*see* Sept. 2024 Op. 5).

### B. Power of Attorney

A third-party plaintiff may also derive standing to sue on a plan participant or beneficiary's behalf through a valid POA. *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 228 (3d Cir. 2020) (citing *Am. Orthopedic & Sports Med.*, 890 F.3d at 454-55). POAs are not limited by anti-assignment clauses because a POA "does not transfer an ownership interest in the claim," like an assignment of benefits does, but rather a POA only allows the agent authority to act "on behalf of the principal." *See Am. Orthopedic & Sports Med.*, 890 F.3d at 455 (citations omitted). A third-party plaintiff could thus potentially circumvent a valid anti-assignment clause and obtain third-party standing from a beneficiary or participant of an ERISA-governed health plan through a POA. *See id.*

Here, Plaintiff asserts that it has standing to bring Patient's claims based on a POA document between Patient and Plaintiff's office manager, Bylecki. (SAC ¶ 5; POA, *2.[4]) Defendant argues that Plaintiff's POA is merely an assignment of benefits in disguise, and further, that it is procedurally invalid under the RDPAA due, in part, to Plaintiff being the named plaintiff in the caption. (Def.'s Moving Br. 7, 10.) Plaintiff responds that it named itself as a party in the

---

[4] Page numbers preceded by an asterisk refer to the page number provided in the ECF header.

suit to protect Patient's privacy[5] (Pl.'s Opp'n Br. 4-5), and further, that Defendant's arguments are putting "form over substance"[6] (*id.* at 6.) The Court agrees with Defendant.

### 1.   *Damages and Claims Asserted on Plaintiff's Behalf*

To assert standing, Plaintiff provides the Court with a POA that purportedly appoints Plaintiff's office manager, Bylecki, as Patient's attorney-in-fact to pursue the claims on Patient's behalf. (POA *2.) But Plaintiff is the named party in this suit, not Patient. (*See* SAC.) Rule 17(a) mandates that "[e]very action must be prosecuted in the name of the real party in interest," and "shall be dismissed if the real party in interest is not substituted or joined." *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1196 (3d Cir. 1996) (citing Fed. R. Civ. P. 17(a)). "Granting [POA] is not an assignment and 'does not enable the grantee to bring suit in his own name.'" *N.J. Spine & Orthopedics, LLC v. Bae Sys., Inc.*, No. 19-10735, 2020 WL 491258, at *2 (D.N.J. Jan. 29, 2020) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 12-18 (2d. Cir. 1997)); *O'Brien v. Aetna, Inc.*, No. 20-5479, 2021 WL 689113, at *3 (D.N.J. Feb. 23, 2021) (same); *see also Emami v. Cmty. Ins. Co.*, No. 19-21061, 2021 WL 4150254, at *4 n.3 (D.N.J. Sept. 13, 2021) (citing *Am. Orthopedic & Sports Med.*, 890 F.3d at 455) ("[A] mere [POA] . . . does not confer standing to sue in the holder's own right because a [POA] does not

---

[5] Plaintiff's argument that it has named itself as the party in the suit to protect Patient's privacy is misguided. (Pl.'s Opp'n Br. 4-5.) Where plaintiffs possess genuine privacy concerns, they may request to file a document or action under seal pursuant to Local Civil Rule 5.3, *see Prall v. Ricci*, No. 10-1228, 2014 WL 12803521, at *1 (D.N.J. Mar. 13, 2014), and/or a protective order, *see Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Injured parties fearing disclosure of their identity may also be allowed to proceed anonymously in their suit based on the reasonableness of such fears. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

[6] Plaintiff additionally argues, without any citations, that Defendant lacks standing to challenge the POA because the POA belongs to Patient, not to Defendant. (Pl.'s Opp'n Br. 8.) But courts have permitted such challenges to POAs by defendant insurance companies. *See, e.g., Emami v. Aetna Life Ins. Co.*, No. 23-3878, 2024 WL 1715288, at *3 (D.N.J. Apr. 22, 2024) (dismissing complaint where a POA was found insufficient under New Jersey law).

6

transfer an ownership interest in the claim. By contrast, an assignment of claims transfers legal title or ownership of those claims."); *Magic Reimbursements LLC v. T-Mobile USA, Inc.*, No. 22-2121, 2023 WL 4866930, at *5 (D.N.J. July 31, 2023) ("One who is an agent . . . merely for the purpose of bringing suit is not a real party in interest and, accordingly, cannot conduct litigation in its own name." (quotation omitted)).

Here, the SAC identifies Samra Plastic and Reconstructive Surgery as Plaintiff—not K.T., the patient and beneficiary of the Plan. (*See* SAC.) The SAC does not even identify Bylecki as a plaintiff, the individual who was purportedly given POA, but rather Bylecki's employer, a third-party entity who was not and cannot be given POA. *See Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2020 WL 1983693, at *8 (D.N.J. Apr. 27, 2020) (finding that "medical practices cannot act as attorneys-in-fact under the RDPAA").

Moreover, even setting aside the caption, the SAC's allegations focus on the alleged injuries and damages of Plaintiff, rather than any harms incurred by Patient. (*See generally* SAC.) Other than one paragraph alleging that Plaintiff is asserting "Patients [sic] rights under her ERISA Plan by way of a [POA]," the SAC focuses on Plaintiff's injuries. (*Id.* ¶ 5; *id.* ¶ 38 ("*Plaintiff* has been damaged and continues to suffer damages in the operation of his[7] medical practice.") (emphasis added); *id.* ¶ 48(d) ("Wrongfully withholding money belonging to Plaintiff."); *id.* ¶ 56 ("As a direct result . . . Plaintiff has been damaged.").) Despite Plaintiff's assertion that Defendant's arguments are of "form over substance" (Pl.'s Opp'n Br. 6), an analysis of the substance of the SAC reveals that it is seeking to enforce Plaintiff's rights, rather than the rights

---

[7] While the SAC generally alleges damages that Plaintiff allegedly suffered as an entity, this sentence goes a step further and alleges damages of an unknown individual, perhaps the owner of the entity. (SAC ¶ 38.) In any event, Patient's (referred to as "her" by Plaintiff, *see* SAC ¶ 5; Def.'s Moving Br. 5) damages are not being alleged.

7

of Patient. In fact, there are no allegations that Patient has suffered any harm. (*See generally* SAC.) For the above reasons, the Court finds that Plaintiff does not have standing to pursue the claims at issue.

### 2. *Even if Properly Asserted, the POA Is Procedurally Invalid*

The sufficiency of a POA is governed by the New Jersey RDPAA, N.J. Stat. Ann. § 46:2B-1, et seq., which provides that "[a] [POA] must be in writing, duly signed and acknowledged in the manner set forth in [N.J. Stat. Ann. §] 46:14-2.1." N.J. Stat. Ann. § 46:2B-8.9. In turn, N.J. Stat. Ann. § 46:14-2.1 requires the POA's "maker" to "appear before an officer . . . and acknowledge that it was executed as the maker's own act." *Id.* § 46:14-2.1(a). To "prove" the POA, a witness must similarly "appear before an officer . . . and swear that he or she witnessed the maker of the instrument execute the instrument as the maker's own act." *Id.* § 46:14-2.1(b). Moreover, the officer must sign a certificate that includes several details, such as the officer's name and title, the date of execution, whether the maker and witness appeared personally before the officer, and whether the officer was satisfied that "the person who made the acknowledgment or proof was the maker of or the witness to the instrument." *Id.* § 46:14-2.1(c).

Setting aside the requirement that the attorney-in-fact must be an "individual" or "qualified bank,"[8] N.J. Stat. Ann. § 46:2B-8.2(a), Plaintiff has not provided the Court with sufficient evidence that Patient's POA meets the procedural requirements of the RDPAA. The SAC does not provide details concerning the document, its execution, or any subscribing witnesses, and the attached POA does not include any acknowledgement by a subscribing witness. N.J. Stat. Ann. § 46:14-2.1(b); (SAC ¶ 5; POA *1.) In opposition, Plaintiff argues that Patient's signature was notarized by an attorney licensed in New Jersey, despite that the POA is acknowledged by a notary public licensed in the state of New York. (Pl.'s Opp'n Br. 8-9; POA *2.) Further, Plaintiff incorrectly argues that the notary and witness are not required to be different individuals. (Pl.'s Opp'n Br. 9); *see Kayal v. Cigna Health & Life Ins. Co.*, No. 23-3808, 2024 WL 2954283, at *3 (D.N.J. June 12, 2024) (finding that an individual who notarized the patient's POA cannot act as both officer and witness). Plaintiff has thus not demonstrated that the POA is sufficient to confer standing under New Jersey law.

The Court accordingly dismisses all three counts without prejudice. Out of an abundance of caution, the Court will grant Plaintiff a final opportunity to amend its complaint and address the deficiencies identified above.

---

[8] Despite the fact that Bylecki is an individual, the Court suspects that she is acting as a representative of Plaintiff, which would be an independent basis for dismissal. (*See* SAC ¶ 5 ("Plaintiff herein asserts Patients [sic] rights under her ERISA Plan by way of a [POA] . . . granting *Plaintiff* full authority to prosecute her claims herein.") (emphasis added)); *cf. Flynn v. Pulaski Constr. Co.*, No. 02-2336, 2006 WL 47304, at *5-6 (D.D.C. Jan. 6, 2006) (recognizing an office manager as a representative of her corporation for service of process because she was "sufficiently integrated" with the corporation to "know what to do with the papers"). This Court has previously held that a patient cannot appoint a healthcare provider as attorney-in-fact through a POA because it is "a corporation rather than an individual or qualified bank." *Pers. Image, PC v. Tech Briefs Media Grp. Med. Plan*, No. 20-3747, 2021 WL 486905, at *4 (D.N.J. Feb. 10, 2021) (footnote omitted).

## IV. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted, and the Second Amended Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE